**STATE**

v.

**Ronald PEAVY.**

**No. 90–509–C.A.**

Supreme Court of Rhode Island.

Dec. 17, 1992.

Thomas DeSimone, Providence.

Jeffrey Greer, Providence.

## ORDER

This case came before the court for oral argument on December 10, 1992 pursuant to an order which had directed the parties to show cause why this appeal should not be summarily decided.

Pursuant to a prior show cause order, this case was remanded to the Superior Court for a hearing on the voluntariness of the defendant's plea of nolo which had led to a judgment of the Superior Court imposing a 48–month sentence for a prior drug related offense, with two months to serve and 46 months of probation following defendant's release. While the defendant was in this probationary status, two Providence police officers testified that defendant discarded a brown paper wrapper upon observing the police officers driving in a marked police vehicle in close proximity to the defendant. Upon examination the brown paper wrapper contained four bags of heroin.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that the Superior Court justice who heard evidence concerning the voluntariness of defendant's plea upon remand was correct in finding that the defendant was fully aware of the nature and consequences of his plea when he entered a plea of nolo before another Superior Court justice. The evidence was more than sufficient to support the justice's finding that the plea of nolo was both informed and voluntary.

We further believe that the justice who found that the defendant had violated his probation had ample evidence before him to support the allegations of the prosecutor that he had violated the terms of his probation by having in his possession four bags of heroin when he was observed by the police in circumstances under which no other persons were in the immediate vicinity. When he discarded the brown paper wrapper containing the bags of heroin, the police officers had every right to examine the same and utilize the contents against defendant.

Therefore, the defendant's appeal is denied and dismissed. The order of violation is affirmed.